UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS DAVID BREWER and
TONKIN GULF,

      Plaintiffs,

v.                                                                      Case No: 2:21-cv-55-SPC-MRM

DEPARTMENT OF VETERANS
AFFAIRS,

      Defendant.
_____/

**ORDER**[1]

Before the Court is a *sua sponte* review of the case. There are several issues the Court must address.

To start, the Complaint does not allege subject-matter jurisdiction. Federal courts have an obligation to ensure their jurisdiction *sua sponte* when—as here—it is lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In all, Plaintiffs allege the Defendant Department of Veterans Affairs ("VA") "did knowingly and with malice discriminate against Vietnam War veterans with campaign and service medals between the years

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

of 2003-present by withholding compensation for agent orange exposure." (Doc. 1 at 1). Yet the cause of action is unclear. And the Complaint does not attempt to allege any basis for the Court's jurisdiction. Because Plaintiffs failed to carry their burden to establish subject-matter jurisdiction, the Court dismisses without prejudice. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 2168-69 (11th Cir. 2013) ("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists.").

Given the dismissal, the Court denies Plaintiffs' Motion for Default Judgment as moot. The Court notes Plaintiffs' Motion is in the form of a letter, which is improper. Local Rule 3.01(j) ("A party must not use a letter, email, or the like to request relief."). If they intend to proceed pro se, Plaintiffs should review the Court's Guide to Proceeding Without a Lawyer, which is available on the Court's website.[2] A matter addressed in that Guide is the fact Plaintiff David Brewer cannot represent both Plaintiffs pro se. While free to represent himself pro se, Brewer cannot represent the other Plaintiff, Tonkin Gulf (Yankee Station) Naval Personnel, unless he is a lawyer. Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only.").

---

[2] *See* https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

Finally, Plaintiffs should review the Federal Rules of Civil Procedure as they relate to service. Plaintiffs attempted to execute service by personally serving a VA law librarian. (Doc. 6). The Federal Rules provide specific requirements on how to serve a United States entity, and the attempted service here falls short. *See* Fed. R. Civ. P. 4(i).

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiffs may file an amended complaint consistent with this Order **on or before August 3, 2021**. **The failure to do so will result in the case being closed without further notice**.

3. Plaintiffs' Motion for Default Judgment (Doc. 7) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 20, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3